**UNITED STATES of America,**
**Plaintiff,**

v.

**Enno Juergen MEYER, Defendant.**

**Civ. No. 17771.**

United States District Court
E. D. New York.

Feb. 11, 1960.

Cornelius W. Wickersham, Jr., U. S. Atty., Eastern District of New York, Brooklyn, N. Y., Ann B. Miele, Asst. U. S. Atty., Brooklyn, N. Y., of counsel, for plaintiff.

Abrams & Roth, New York City, Gerald D. Roth, A. Jacob Abrams, New York City, of counsel, for defendant.

BRUCHHAUSEN, Chief Judge.

The plaintiff seeks revocation of the certificate of citizenship, issued to the defendant.

The certificate was granted, pursuant to Chapter 162, Public Law 86, 83rd Congress, First Session, 67 Stat. 108. The Act provided, in substance, that any person, not a citizen, having been lawfully admitted to the United States, who after June 24, 1950 and not later than

July 1, 1955, actively served, honorably, in the Armed Forces of this country for a period of not less than 90 days might be naturalized on petition filed not later than December 31, 1955. Set forth therein is a provision that citizenship so granted may be revoked if the discharge of the soldier, acquiring it, be other than honorable.

■ The defendant, as hereinafter stated, was dishonorably discharged. Revocation is discretionary, not mandatory. Judge Byers of this court so held, in construing a similar statute. United States v. Tarantino, D.C., 122 F.Supp. 929. This leads me to the consideration of the facts and circumstances herein.

The defendant was born in Germany on November 9, 1930. On July 1, 1952, he was lawfully admitted into the United States under an immigration quota. On October 8, 1953, he was inducted into the United States Army. On August 11, 1954, while in active military service in the State of Tennessee, he filed a petition for naturalization. On November 11, 1954, the petition was approved and he became a citizen of the United States. On May 6, 1955, together with four other soldiers he was indicted and subsequently, in the Criminal Court in and for Davidson County, Tennessee, pleaded guilty to charges of "attempt to commit a felony." On August 24, 1955, solely as a consequence of the convictions, defendant was dishonorably discharged from military service. He was imprisoned for upwards of a year. Upon application, he was released and returned to civilian life. He then engaged in a meretricious relationship with a married woman, during which time annulment proceedings were instituted by the latter against her husband. The annulment was granted and on October 31, 1959, the defendant and the woman married. The following month a daughter was born to them.

On July 18, 1957, the Government commenced this proceeding to revoke defendant's citizenship solely upon the ground that he was discharged from military service under other than honorable conditions. The plaintiff contends that because of his criminal activities and meretricious relationship, the defendant is not a person of good moral character and, therefore, not entitled to retain United States citizenship.

The testimony, together with the military records, relied upon but not in evidence, established that the defendant, except for the conviction, had excellent conduct and efficiency ratings in service. His employment record is good.

■ The statute under which defendant gained citizenship was applicable to those engaged in the Korean war. It endured for the period of five years and has now expired. Its purpose as I conceive it was to grant citizenship in exchange for satisfactory military service. The offenses of the defendant were committed while off duty and were unconnected with military operations. He has been adequately punished therefor. While the defendant in both of the derelictions referred to has shown a deficiency of will power, the avoidance of accepted conduct, an apparent lack of stability and a willingness to resort to expediency, I am disposed to leniency and to exercise my discretion in his favor, trusting that he has learned a lesson and will diligently pursue a future course based upon higher standards.

It is the order of this court that the complaint be dismissed.

With the dismissal of the complaint, no justiciable controversy exists between the parties, hence this court lacks power to render an opinion concerning the constitutionality of the statute.

The defendant is entitled to judgment in his favor. Settle decree on two days' notice and not later than March 1, 1960.